IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARSHALL GOLDMAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>HSI FINANCIAL SERVICES, LLC, a Georgia limited liability company, PHOENIX HEALTH CARE MANAGEMENT SERVICES, INC., a Georgia corporation, and VHA, INC., a Delaware corporation,<br><br>*Defendants*. | CASE NO._____<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Marshall Goldman brings this class action complaint against Defendants HSI Financial Services, LLC, Phoenix Health Care Management Services, Inc., and VHA, Inc., to stop Defendants' practice of making unsolicited telephone calls, specifically automated robo-calls, to the telephones of consumers, and to obtain redress for all persons injured by their conduct. Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and

1

belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Defendants jointly provide various services, such as insurance, human resources, and supply chain purchasing, to hospitals and other health care providers.

2. Through Defendant HSI Financial Services, Defendants also provide several types of accounts receivable services, specifically healthcare-related debt collection, to hospitals in the State of Georgia. In the pursuit of these collections, Defendants make, or have made on their behalf, debt collection telephone calls to consumers that feature a prerecorded or artificial voice (instead of a live operator), more commonly known as a "robo-call."

3. However, in their zeal to collect, Defendants have failed to obtain prior express consent from consumers to make such robo-calls, and therefore, have violated the Telephone Consumer Protection Act (47 U.S.C. § 227, *et seq.*) (the "TCPA").

4. The TCPA was enacted to protect consumers from unsolicited and repeated telephone calls exactly like those alleged in this case. Defendants made these calls despite the fact that neither Plaintiff Goldman, nor the other members of the putative Class, ever provided Defendants with their prior express consent to be

called. By making the phone calls at issue in this Complaint, Defendants caused Plaintiff and the other members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited phone calls and the monies paid to their telephone carriers for the receipt of such calls.

5. In response to Defendants' unlawful conduct, Plaintiff filed the instant lawsuit seeking an injunction requiring Defendants to cease all unsolicited calling activities, as well as an award of statutory damages to the members of the Class as provided under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff Marshall Goldman is a natural person and citizen of the State of Georgia.

7. Defendant HSI Financial Services, LLC is a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business located at 1000 Circle 75 Parkway SE, Suite 650, Atlanta, Georgia 30339. HSI Financial Services is a closely associated entity of Phoenix Health Care Management Services, Inc. and VHA, Inc. For example, HSI Financial, Phoenix Health Care Management Services, and VHA Inc. share employees and executive officers (including Scott Downing and Richard T. Howerton). HSI Financial Services does business throughout the State of Georgia

and this District.

8.     Defendant Phoenix Health Care Management Services, Inc. is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 1000 Circle 75 Parkway SE, Suite 650, Atlanta, Georgia 30339. Phoenix Health Care Management Services is a closely associated entity of HSI Financial Services, LLC and VHA, Inc. For example, HSI Financial, Phoenix Health Care Management Services, and VHA Inc. share employees and executive officers (including Scott Downing and Richard T. Howerton). Phoenix Health Care Management Services does business throughout the State of Georgia and this District.

9.     Defendant VHA, Inc. is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 290 East John Carpenter Freeway, Irving, Texas 75062. VHA, Inc. is a closely associated entity of HSI Financial Services, LLC and Phoenix Health Care Management Services, Inc. For example, HSI Financial, Phoenix Health Care Management Services, and VHA Inc. share employees and executive officers (including Scott Downing and Richard T. Howerton). VHA Inc. does business throughout the State of Georgia and this District.

## JURISDICTION AND VENUE

10. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, which is a federal statute.

11. The Court has personal jurisdiction over Defendants and venue is proper in this District because Defendants transact significant amounts of business within this District and because Defendants HSI Financial Services and Phoenix Health Care Management Services reside in this District.

## COMMON FACTUAL ALLEGATIONS

12. HSI Financial Services is the debt collection arm of VHA, Inc. within the State of Georgia. As part of VHA's regional office, located in Atlanta, HSI Financial Services places debt collection calls for dozens of hospitals in the VHA network.

13. In making these unsolicited calls to the telephones of the putative Class, Defendants utilized a pre-recorded and/or artificial voice, more commonly known as a "robo-call."

14. Defendants placed and continue to place repeated and harassing robo-calls to consumers who allegedly have a debt held or serviced by Defendant HSI Financial Services on telephone numbers that were never provided to Defendants,

and for which consumers never provided Defendants consent to call.  Instead, Defendants acquire phone numbers through various means such as "skip tracing" or "number trapping."

15. The most egregious types of these calls are placed to those consumers who in fact have *no debt whatsoever* owed to Defendants or their clients.  Instead, a person may start receiving unwanted calls as the result of Defendants' skip tracing or other investigative methods.

16. Defendants have made thousands of calls utilizing the phone number (770) 850-7450, as well as various other phone numbers.

17. In some instances, the calls are placed to consumers, like Plaintiff, who do not even have an outstanding debt associated with Defendants.

18. Plaintiff is not alone in his experience; online complaint boards feature numerous complaints from consumers who received calls from or on behalf of Defendants, to telephone numbers that they never provided prior express consent to receive such calls on.

19. Neither Plaintiff Goldman, nor the other members of the putative Class, ever consented to receive robo-calls at the telephone numbers called by Defendants.

## FACTS SPECIFIC TO PLAINTIFF GOLDMAN

20. Plaintiff does not owe a debt to Defendant HSI Financial Services, nor any entity on whose behalf HSI would be attempting to collect.

21. Yet, even still, Plaintiff received numerous robo-calls from HSI during 2013, featuring a pre-recorded voice and looking for someone with a different name.

22. Specifically, Plaintiff received calls on, at a minimum, October 19th, October 21st, October 22nd, and, two separate calls at 12:59pm and 2:30pm on October 23rd.

23. The robo-calls provide no way for Plaintiff to opt-out of the calls or otherwise make them stop.

24. Plaintiff never provided his consent to be called by Defendants.

25. Defendants were aware that the above-described telephone calls were being made either by them directly, or made on their behalf, and that the telephone calls were being made to consumers who had not consented to receive them.

## CLASS ALLEGATIONS

26. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a Class of similarly situated individuals defined as follows:

**HSI Robo-Call Class:** All persons in the United States who (1) received one or more telephone calls; (2) from Defendant HSI Financial Services, LLC; (3) that featured an artificial or pre-recorded voice; (4) who never provided his or her prior express consent to receive such calls at that telephone number.

The following people are excluded from the Class: 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or its parents have a controlling interest and its current or former employees, officers and directors; 3) persons who properly execute and file a timely request for exclusion from the Class; 4) the legal representatives, successors, or assigns of any such excluded persons; 5) Plaintiff's counsel and Defendants' counsel.

27. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants have made telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

28. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited

telephone calls.

29. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

30. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) whether Defendants' conduct violated the TCPA;

    (b) whether Defendants made calls featuring an artificial or pre-recorded voice;

    (c) whether Defendants systematically made phone calls to persons who did not previously provide Defendants with their prior express consent to receive such phone calls;

    (d) whether Class members are entitled to treble damages based on the willfulness of Defendants' conduct.

31. **Superiority**: This case is also appropriate for class certification

because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## COUNT I
**Violation of the TCPA, 47 U.S.C. § 227 *et seq.*
(On behalf of Plaintiff and the HSI Robo-Call Class)**

32. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

33. Defendants and/or their agents made unsolicited and unwanted telephone calls to telephone numbers belonging to Plaintiff and the other members of the HSI Robo-Call Class without their prior express consent.

34. Defendants and/or their agents made unsolicited telephone calls to telephone numbers belonging to Plaintiffs and the other members of the HSI Robo-Call Class using a prerecorded or artificial voice, more commonly known as a "robo-call."

35. By making, or having made on its behalf, unsolicited robo-calls utilizing an artificial or prerecorded voice to Plaintiff's and the HSI Robo-Call Class's telephones without prior express consent, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B). As a result of Defendants' illegal conduct, Plaintiff and the other members of the HSI Robo-Call Class suffered actual damages in the form of monies paid to receive unsolicited calls and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in statutory damages for each violation of the Act.

36. Should the Court determine that Defendants' misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the HSI Robo-Call Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marshall Goldman, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Marshall Goldman as the representative of the Class, and appointing his counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendants to cease all unsolicited calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: February 3, 2014

**MARSHALL GOLDMAN**, individually and on behalf of all others similarly situated,

By: _/s/Jennifer Auer Jordan_
     JENNIFER AUER JORDAN
     Georgia Bar No. 027857

Jennifer Auer Jordan
jennifer@thejordanfirm.com
THE JORDAN FIRM, LLC

1447 Peachtree Street, N.E., Suite 880
Atlanta, Georgia 30309
Tel: 404.445.8400
Fax: 404.445.8477

## **LOCAL RULE 5.1 CERTIFICATION**

I hereby certify that I have this day filed the within and foregoing Class Action Complaint with the Clerk of Court, using Times New Roman, 14-point font.

Dated: February 3, 2014

             By:  _/s/Jennifer Auer Jordan_
               JENNIFER AUER JORDAN
Jennifer Auer Jordan        Georgia Bar No. 027857
jennifer@thejordanfirm.com
THE JORDAN FIRM, LLC
1447 Peachtree Street, N.E., Suite 880
Atlanta, Georgia 30309
Tel: 404.445.8400
Fax: 404.445.8477